IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Jennifer Archuletta, Gemma Lee Farrell, Jesse Golden, Hillary Hepner, Jessa Hinton, Joanna Krupa, Gia McCool, Alana Campos Souza, Irina Voronina, and Lucy Pinder,<br><br>Plaintiffs,<br><br>v.<br><br>M E R Corporation dba Dancers Showclub,<br><br>Defendant. | **Civil Action No. 1:20-cv-2264**<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Jennifer Archuletta, Gemma Lee Farrell, Jesse Golden, Hillary Hepner, Jessa Hinton, Joanna Krupa, Gia McCool, Alana Campos Souza, Irina Voronina, and Lucy Pinder (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, set forth and allege against M E R Corporation, doing business as Dancers Showclub ("Defendant"), as set forth below:

## I.     INTRODUCTION

1. This case is about a strip club's unauthorized use of several professional models' images and likenesses in various advertisements to promote the strip club's business interests in violation of the models' rights under federal and state law and for which the models are entitled to damages and injunctive relief.

2. Defendants ran advertisements for Defendants' strip club on at least Defendants' social media pages.

3. Defendants' advertisements featured Plaintiffs' images.

1

4. Defendants had and have no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiffs into Defendants' advertisements for Defendants' strip club, but Defendants did so anyway.

5. Plaintiffs would not choose to advertise or promote Defendants' strip club at all as being affiliated with Defendants' strip club can harm Plaintiffs' reputations and brands and make it more difficult for Plaintiffs to obtain future work of their choosing.

6. Even if Plaintiffs had been willing to allow their images to be used by Defendants – which they were not – Plaintiffs would have been rightfully entitled to payment for Defendants' commercial use of their images.

7. Defendants have not paid Plaintiffs anything despite using Plaintiffs' images in Defendants' advertisements.

8. Defendants' wrongful conduct, as further described and explained below, violates Plaintiffs rights under the federal Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs' rights under Indiana's statutory protection of the right of publicity, Ind. Code § 32-36-1-0.2 *et seq.*, and Plaintiffs' rights under Indiana common law of unjust enrichment, entitling Plaintiffs' to an award of damages, equitable remedies, injunctive relief, and all such other relief as is just and proper as requested herein.

## II.   PARTIES

### A.   Plaintiffs

9. Plaintiff Jennifer Archuletta is a professional model and is a resident of Arizona.

10. Plaintiff Gemma Lee Farrell is a professional model and is a resident of California.

11. Plaintiff Jesse Golden is a professional model and is a resident of California.

12. Plaintiff Hillary Hepner, also known as Hillary Fisher, is a professional model and is a resident of South Carolina.

13. Plaintiff Jessa Hinton, also known as Jessica Hinton, is a professional model and is a resident of California.

14. Plaintiff Joanna Krupa is a professional model and is a resident of California.

15. Plaintiff Gia McCool is a professional model and is a resident of Florida.

16. Plaintiff Alana Campos Souza is a professional model and is a resident of Nevada.

17. Plaintiff Irina Voronina is a professional model and is a resident of California.

18. Plaintiff Lucy Pinder is a professional model and is a resident of the United Kingdom of Great Britain and Northern Ireland.

### B.     The Club and the Defendant

19. Dancers Showclub (the "Club"), is a strip club located at 8013 W Washington St., Indianapolis, Indiana 46231.

20. Defendant M E R Corporation is an Indiana domestic for-profit corporation with a principal office address of 8013 W. Washington St., Indianapolis, Indiana 46231.

21. Defendant M E R Corporation's registered agent is Merrill Roberts, 2501 Girl School Rd., Eagle Creek, Indiana, 46214.

22. Defendant M E R Corporation filed for an assumed name of "Dancers Showclub."

23. Defendant M E R Corporation holds an Alcoholic Beverage license # RR4917045 doing business as "Dancers West" at the location of the Club.

24. On information and belief, Defendant is doing business as the Club and is ultimately responsible for all the activities of the Club including the Club's advertising activities.

### III.     JURISDICTION AND VENUE

25. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

26. In the alternative, and only if federal question jurisdiction becomes inapplicable in this action, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs, none of whom are citizens of Indiana, and Defendant, a citizen of Indiana, and the amount in controversy between each Plaintiff and Defendant exclusive of interest and costs but inclusive of the value of injunctive relief exceeds the sum or value $75,000.

27. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

### IV.     FACTUAL ALLEGATIONS

#### A.     A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses

28. Each Plaintiff is, and at all times mentioned herein was, a professional model who earns or earned a living by commercializing her identity, image, likeness, and advertising ideas for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

29. A model's reputation directly impacts the commercial value associated with the use of their image, likeness, or identity to promote a product or service.

30. As such, a model has the right to control the commercial exploitation of their name, image, likeness, and advertising ideas.

4

31. Each Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling industry.

32. Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of their image or likeness.

33. Each Plaintiff's career in modeling has substantial value derived from the goodwill and reputation each has built.

34. Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

35. Unauthorized use of each Plaintiff's image or likeness can diminish and disparage the goodwill and reputation each Plaintiff has built and the amount of compensation each Plaintiff can command for the licensed or authorized use of each Plaintiffs' image and likeness or for each Plaintiff's advertising ideas containing each Plaintiff's image and likeness.

36. As such, Plaintiffs must vigorously defend against unauthorized use of their image and likeness by third parties like Defendant that choose to steal Plaintiffs' images for use in Defendant's own advertisements for Defendant's Club without payment or consent, fraudulently representing to the public that Plaintiffs endorse, approve, or agreed to advertise Defendant's Club and thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiffs' modeling work product.

    **B.    Defendant Used Plaintiffs' Images and Likenesses to Promote Defendant's Business Interests**

37. Defendant owns, operates, controls, or, in the alternative, is ultimately responsible for various social media accounts, including the Club's Facebook account, Instagram account, and Twitter account, through which Defendant promoted, advertised, and marketed the Club, solicited customers for the Club, and published endorsements of the Club.

5

38. Defendant has, and at all times mentioned herein had, authority to control its own use of social media to promote its Club.

39. Defendant is responsible for all content on the Club's social media accounts to the extent published by or on behalf of Defendants either directly or through Defendants' agents, including but not limited to any employees or other affiliates of the Club that posted and/or maintained social media advertising for the Club.

40. Defendant misappropriated Plaintiffs' photographs, images, likenesses, and distinctive appearances in advertising materials published by or for Defendant on the Club's social media accounts in order to market, promote, and advertise the Club all without consent, authorization, or legal right.

41. Indeed, by using Plaintiffs' images in Defendant's advertisements for the Club on Defendants' social media accounts, Defendant fraudulently represents to the public that Plaintiffs endorse, are affiliated with, or agreed to advertise the Club.

42. Attached as exhibits 1-11 hereto are screenshots of a sampling of Defendant's uses of Plaintiffs' images and likenesses in advertisements on the Club's social media accounts.

43. As of the date of the filing of this Complaint, unauthorized uses of the image or likeness of Plaintiffs remain on Defendant's social media accounts.

44. In the examples of advertisements including the images and likenesses of Plaintiffs attached as exhibits hereto, Plaintiffs are readily identifiable in that persons seeing the advertisements with the naked eye can reasonably determine that the persons depicted include Plaintiffs.

45. By placing Plaintiffs' images and likenesses on Defendant's social media under or next to the Club's name, Defendant conveys and reasonably suggests, falsely and fraudulently, that

Plaintiffs endorse the Club, are affiliated with the Club, participated in the Club, sponsor the Club, or agreed to advertise for the Club.

46. Defendant's use of Plaintiffs' images and likenesses was for a commercial purpose and for Defendant's commercial benefit.

47. Defendant used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase Defendant's revenue.

48. Defendant had and have no right, consent, authority, license, or authorization to use any of Plaintiffs' images in Defendant's commercial advertisements.

49. Defendant knew or should have known that they had no right to use Plaintiffs images in commercial advertisements making Defendant's unauthorized use of Plaintiffs' images and likenesses knowing, willful, and intentional.

### C. Defendant's Unauthorized Use of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs

50. In prior instances of authorized commercial marketing and use of Plaintiffs' images, likenesses, or identities by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to various terms and conditions and for agreed upon compensation.

51. Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

52. Defendant never sought Plaintiffs' permission to use any of Plaintiffs' images to advertise and promote the Club, or for any other purpose.

53. Defendant did not and does not have Plaintiffs' prior written authorization to use any aspect of Plaintiffs' personality.

54. Plaintiffs never gave Defendant permission to use Plaintiffs' images or likenesses, nor did Plaintiffs otherwise authorize, license, assign, or grant Defendant any right to use Plaintiffs' images or likenesses for commercial purposes.

55. Defendant never compensated Plaintiffs for any use of any of Plaintiffs' images or likenesses.

56. Defendant's unauthorized use of Plaintiffs' images was and is misleading, confusing, and fraudulent.

57. Defendant misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

58. As a direct and proximate result of Defendant's exploitation of Plaintiffs' images and identities, Defendant made profits or gross revenues in an amount to be established at trial.

59. Plaintiffs have been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiffs' images and likenesses for commercial purposes, as Plaintiffs have been deprived of the fair market value compensation they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to the Club – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

60. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use causes Plaintiffs' to lose Plaintiffs' exclusive right to control the commercial exploitation of Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

61. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in

commercializing Plaintiffs' images and likenesses, or Plaintiffs' advertising ideas containing Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

### V.  CLAIMS FOR RELIEF

#### COUNT I
#### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by
#### False Endorsement, Unfair Competition, and/or False Advertising

62. Plaintiffs re-state and re-allege paragraphs 1 through 61 above and incorporate the same be reference as though fully set forth herein.

63. Each Plaintiff brings this claim against Defendant.

64. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

65. Defendant is liable to Plaintiffs for false endorsement, unfair competition, and/or false advertising violations of the Lanham Act, 15 U.S.C. § 1125(a)(1).

66. Plaintiffs, through their careers in modeling, have all attained a degree of fame and celebrity.

67. Each Plaintiff enjoys a substantial social media following and/or has appeared in numerous publications, shows, productions, or paid appearances.

68. Each Plaintiff earns or has earned their living by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

69. Each Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, and identity.

70. Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, and identity.

71. Prior to authorizing the use of their image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

72. Plaintiffs did not authorize Defendant's use of Plaintiffs images nor did Plaintiffs grant anyone else authority to authorize this Defendant's use of their images.

73. Defendant is responsible for the placement of Plaintiffs' images and likenesses on or in advertisements promoting the Club without consent, license, authorization, or legal right.

74. Defendant's unauthorized uses of Plaintiffs' images and likenesses is ongoing and continuing as of the date of this Complaint.

75. In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are depicted and readily identifiable.

76. Defendant misappropriated Plaintiffs' images and likenesses in Defendant's advertisements for the Club in order to create the false impression that Plaintiffs are somehow

affiliated with, have endorsed, promoted, agreed to advertise, or otherwise participated in the Club.

77. Defendant never sought Plaintiffs' consent to use Plaintiffs' images or likeness.

78. Plaintiffs have never been employed by, performed at, danced at, or affiliated themselves in any way with the Club or Defendant.

79. Plaintiffs would not agree to allow their images or likenesses to be used to promote the Club and would not and do not endorse the Club.

80. Defendant placed the misappropriated images on some of the very same social media marketing channels used by Plaintiffs to promote themselves.

81. Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

82. On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

83. Defendant knew or should have known that they had no right to use Plaintiffs' images or likenesses to promote or advertise the Club.

84. Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

85. Defendant's unauthorized use of Plaintiffs' images and likenesses without seeking their consent under these circumstances constitutes willful and deliberate conduct.

86. As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiffs were affiliated with, performed at, endorsed, or otherwise promoted the Club.

87. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiffs as damages.

88. As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized use of their images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

89. Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT II
### Violations of Ind. Code § 32-36-1-0.2 *et seq*.
### <u>Statutory Violation of Plaintiffs' of Right of Publicity</u>

90. Plaintiffs re-state and re-allege paragraphs 1 through 61 above and incorporate the same by reference as though fully set forth herein.

91. Each Plaintiff brings this claim against Defendant.

92. Indiana's right of publicity statute, Ind. Code § 32-36-1-8(a), provides that "a person may not use an aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime or for one hundred (100) years after the date of the personality's death without having obtained previous written consent."

12

93. Plaintiffs' photographs, images, likenesses, and distinctive appearances are aspects of each Plaintiffs' personality.

94. Plaintiffs are living persons.

95. Plaintiffs' photographs, images, likenesses, and distinctive appearances have commercial value.

96. Defendant used aspects each Plaintiffs' personality for a commercial purpose in Indiana by using Plaintiffs' images and likenesses in advertisements for Defendant's Club in Indiana posted by or on behalf of Defendant on the Club's social media pages so that Defendant could profit from patronage of the Club in Indiana as described in detail above.

97. Defendant has not obtained each Plaintiff's written consent to use any Plaintiffs' image, likeness, or distinctive appearance, or any other aspect of Plaintiffs' personality.

98. Defendant lacks any other authorization, license, or legal right to exploit Plaintiffs' images or likenesses for any commercial purpose.

99. Defendant's advertisements containing Plaintiffs' images convey or reasonably suggest that Plaintiffs endorse the Club and/or its activities.

100. Defendant did not use any Plaintiffs' image or likeness in literary works, theatrical works, musical compositions, film, radio or television programs, material that has political or newsworthy value, original works of fine art, in advertising that is incidental to such uses, or in connection with broadcast or reporting of an event or a topic of general or public interest.

101. Rather, Defendants used each Plaintiffs' image and likeness for the purpose of commercially advertising Defendant's Club.

102. Indeed, Defendant directly appropriated each Plaintiffs' identity in Defendant's advertisements for the Club.

103. As such, Defendant invaded Plaintiffs' statutory rights of publicity through the acts set forth above and herein.

104. As a direct and proximate result of Defendant's actions as described herein, Defendants enjoyed increased revenues and profits.

105. Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

106. Defendant's unauthorized use of Plaintiffs' images and likenesses without seeking their consent under these circumstances constitutes knowing, willful, or intentional conduct.

107. As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized use of their images and likenesses as well as harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

108. Based on the foregoing, Defendant is further liable to Plaintiffs for alternative statutory damages, treble or punitive damages, injunctive relief, and reasonable attorney's fees, costs, and expenses.

109. Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT III
### Unjust Enrichment

110. Plaintiffs re-state and re-allege paragraphs 1 through 61 above and incorporate the same by reference as though fully set forth herein.

111. Each Plaintiff brings this claim against Defendant.

112. As previously alleged, Defendant used Plaintiffs' misappropriated images and likenesses to advertise and promote Defendant's Club and its activities, thereby driving customers, business, and revenue to Defendant.

113. Accordingly, Plaintiffs conferred a benefit on Defendant.

114. Defendant knew or should have known that they benefited from the use of Plaintiffs' images as is evident from the fact that Defendant posted Plaintiffs' images to promote and advertise Defendant's Club and its activities.

115. Nonetheless, although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit, Defendant retained the benefits of using Plaintiffs' images and likenesses without compensating Plaintiffs.

116. Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

117. Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement the Club.

118. As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness and associating them with Defendant's Club without Plaintiffs' consent.

119. As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and continues to earn and withhold profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

120. Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, equitable relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## VI. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant on each of the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;
2. For the amount due, owing, and unpaid to Plaintiffs representing the fair market value compensation Plaintiffs would have otherwise received for uses of Plaintiffs' images and likenesses;
3. For trebling of damages as permitted by law;
4. For punitive damages in an amount to be proven at trial as permitted by law or equity;
5. For prejudgment interest in an amount permitted by law;
6. For disgorgement of Defendant's profits;
7. For a permanent injunction barring Defendant's use of Plaintiffs' images or likenesses in advertisements or other promotional material for the Club, including but

    not limited to an order requiring Defendant to remove all uses of Plaintiffs' images and likenesses from Defendant's Club's social media accounts;

8.     For costs of this lawsuit;

9.     For reasonable attorneys' fees; and

10.     For all such other and further relief as to this Court seem just, proper and equitable.

### VII.   JURY DEMAND

    Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated: August 28, 2020                   Respectfully submitted,

                                                    /s/ Edmund S. Aronowitz
                                                    Edmund S. Aronowitz
                                                    Michigan Bar #: P81474 (*S.D. Ind. application for pro hac vice admission to be filed*)
                                                    ARONOWITZ LAW FIRM PLLC
                                                    2609 Crooks Road #290
                                                    Troy, Michigan 48084
                                                    Telephone: (248) 716-5421
                                                    edmund@aronowitzlawfirm.com
                                                    *Attorney for Plaintiffs*

                                                    Brad A. Catlin
                                                    PRICE WAICUKAUSKI JOVEN & CATLIN, LLC
                                                    301 Massachusetts Avenue
                                                    Indianapolis, Indiana 42604
                                                    Telephone: (317) 633-8787
                                                    bcatlin@price-law.com
                                                    *Attorney for Plaintiffs*